IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHIQUITA MILLER                                                                    PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:22-CV-6-SA-DAS

TOWER LOAN OF MISSISSIPPI, LLC                                              DEFENDANT

ORDER

Chiquita Miller, proceeding *pro se*, initiated this civil action by filing her Complaint [1] against Tower Loan of Mississippi. Tower Loan filed a Motion to Dismiss [5], which has been fully briefed and is ripe for review.

*Relevant Background*

Miller filed her *pro se* Complaint [1] on January 10, 2022. In the "Statement of Claim" portion of her Complaint [1], she alleges:

> I entered a credit transaction with Tower Loan in 2018. Tower Loan failed to disclose information required by the Truth and Lending Act [sic]. Tower Loan has been harassing me. Tower Loan has used violenced [sic] against me. Tower Loan stole my identity to obtain an illegal garnishemnt [sic] from my paycheck. Tower Loan stole my identity to obtain an illegal judgment against me and to falsify documents in my name. Tower Loan has used abusive practices, deceptive practice, false representation, and fraud against me.

[1] at p. 4.

Miller then states that she "demand[s] a payment of $24,0002.00, this account removed from all credit reporting agencies immediately, and that this alleged debt be cleared to reflect a $0 balance." *Id*.

On January 24, 2022, Miller filed a Proof of Service [4], indicating that she perfected service of process by "mail[ing] summons to defendant by U.S. mail." [4] at p. 1. She also attached to that filing a USPS tracking receipt.

Tower Loan responded by filing a Motion to Dismiss [5], wherein it made three separate arguments for dismissal: (1) insufficient service of process pursuant to Rule 4; (2) lack of subject matter jurisdiction; and (3) alternatively, that the case should be compelled to arbitration.

*Analysis and Discussion*

The Court begins with service of process. In pertinent part, Rule 4(h) of the Federal Rules of Civil Procedure provides as follows:

> (h) SERVING A CORPORATION, PARTNERSHIP, or ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1).

As the quoted language makes clear, Rule 4(h)(1)(A) incorporates by reference Rule 4(e)(1), which permits service of process in any manner authorized by the law of the state where the district court is located. *See* FED. R. CIV. P. 4(e). The Mississippi Rules of Civil Procedure permit service of process via certified mail only for persons "outside this state[.]" MISS. R. CIV. P. 4(c)(5). In other words, "the certified mail procedure is not available to serve a person within the state." *Hadley v. FedEx Ground Package Sys. Inc.*, --- So.3d ---, 2019 WL 4439428, at *2 (Miss. Ct. App. 2019) (quoting *Triple C Transp. Inc. v. Dickens*, 870 So.2d 1195, 1198-99 (Miss. 2004)); *see also Tarver v. Mims*, 2020 WL 1238170, at *4 (N.D. Miss. Mar. 13, 2020) ("Plaintiff's

2

attempted service of [Defendant] [via certified mail] was improper under Mississippi law because he attempted to serve an in-state defendant using a method specifically reserved for out-of-state defendants.").

In the case *sub judice*, despite alleging Tower Loan's address as 406 Liberty Park Drive in Flowood, Mississippi, Miller first attempted to complete service of process via certified mail. This clearly constitutes insufficient service of process under the applicable Rules. Tower Loan properly and timely raised its improper service of process defense in its first responsive pleading, as required by Rule 12(b)(4) of the Federal Rules of Civil Procedure.

Perhaps noticing that the service was insufficient, Miller then attempted service on another occasion, thereafter filing an Affidavit for Amended Proof of Service [8]. Tower Loan then filed a Supplement [9] to its Motion to Dismiss, attaching the summons. As noted by Tower Loan, although the summons appears to be the official summons issued by the Clerk of this Court, it is not completely filled out, as it is blank under the section stating: "The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:". *See* [9], Ex. 1 at p. 1. While this does appear to be a minor deficiency, the Court notes that Rule 4(a)(1)(C) specifically provides that a summons must "state the name and address of the plaintiff's attorney or – if unrepresented – of the plaintiff[.]" FED. R. CIV. P. 4(a)(1)(C); *see also Picket v. City of Houston*, 2009 WL 1158842, at *2 (S.D. Tex. Apr. 29, 2009) ("[P]laintiffs must ensure that the summons (1) is signed by the clerk of court, (2) bears the court's seal, and (3) provides the name and address of the plaintiff's attorney (assuming the plaintiff has counsel)."). The summons fails to comply with that requirement.

Despite Miller's failure to properly serve Tower Loan, the Court notes her status as a *pro se* litigant. This Court has on numerous occasions expressed that *pro se* litigants should be

extended some leniency; however, a litigant's *pro se* status does not negate the duty to comply with general rules of litigation. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court is cognizant that leniency should be extended to pro se litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'").

Balancing those interests, the Court finds it appropriate to provide Miller a limited amount of time to appropriately complete service of process. *See* Fed. R. Civ. P. 4(m) (explaining that, if service of process is not perfected within 90 days, the court must dismiss the action *unless the plaintiff shows good cause for the failure to do so*). The Court hereby grants Miller forty-five (45) days from today's date to complete service of process on Tower Loan.

Once service of process is perfected, Tower Loan may renew its request for dismissal, or for this matter to be compelled to arbitration, or any other basis for relief it desires to raise. *See*, *e.g.*, *Regions Bank v. Britt*, 642 F. Supp. 2d 584, 588-89 (S.D. Miss. 2009) (declining to rule on motion to compel arbitration as to defendant who had not been properly served with process but noting that the defendant could renew his arbitration request once service was perfected).

*Conclusion*

For the reasons set forth above, Miller shall have forty-five (45) days from today's date to perfect service of process on Tower Loan. Should she fail to file a Proof of Service indicating that service of process has been perfected on or before that date, the Court will *sua sponte* dismiss all claims without further notice. Tower Loan may thereafter renew its request for dismissal, that this

matter be compelled to arbitration, or raise any other basis for relief. Considering this ruling, Tower Loan's Motion to Dismiss [5] is hereby DENIED AS MOOT.[1]

SO ORDERED, this the 3rd day of August, 2022.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] Miller also filed a Motion for Summary Judgment [13]. That Motion [13] is clearly premature, and it is hereby DENIED. She may renew her request for summary judgment, if she so desires, once service of process is perfected.